# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 12, 2021

Lyle W. Cayce
Clerk

No. 20-60397
Summary Calendar

---

FATIMA PRISSILA MORALES-DURAN; EVA LISDEY MORALES-DURAN,

*Petitioners*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 453 302
BIA No. A208 453 306

---

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Fatima Prissila Morales-Duran and her derivative beneficiary Eva Lisdey Morales-Duran, natives and citizens of El Salvador, petition for review of an order of the Board of Immigration Appeals (BIA) denying their

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-60397

motion to reopen the removal proceedings.  The BIA determined that the statutory motion was untimely, that Morales-Duran was not entitled to equitable tolling, and that her request for voluntary departure was foreclosed by circuit precedent; the BIA also declined to reopen the proceedings sua sponte.  Citing *Pereira v. Sessions*, 138 S. Ct. 2105, 2110, 2113-14 (2018), Morales-Duran challenges the BIA's determinations.

While Morales-Duran acknowledges that her 2019 statutory motion to reopen was filed after the 90-day deadline, *see* 8 U.S.C. § 1229a(c)(7)(C)(i), she argues that the BIA erroneously failed to analyze her equitable tolling argument.  Although her petition for review was pending for over one year, the time for filing a motion to reopen begins to run from the date of the final administrative order of removal, and she was not prevented from filing while her case was pending before this court. § 1229a(c)(7)(C)(i).  Morales-Duran cites to no authority for the proposition that a motion to reopen seeking voluntary departure would cause an appellate court to reject or dismiss a petition for review challenging the denial of a request for asylum or withholding of removal.  She has not shown that the BIA abused its discretion in concluding that the pendency of the petition for review did not constitute an extraordinary circumstance warranting tolling.  *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 343-44 (5th Cir. 2016); *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

The BIA ruled in the alternative that Morales-Duran was not entitled to relief under *Pereira*.  The Notice to Appear (NTA) initially served on Morales-Duran omitted the date and time of her removal hearing, but she subsequently received a notice of hearing (NOH) supplying the missing information.  Thus, any defect in the NTA was cured. *See Pierre-Paul v. Barr*, 930 F.3d 684, 693 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020).  Additionally, while voluntary departure is available to aliens who have accrued one year of physical presence in the United States, the counting of

No. 20-60397

that time stopped when Morales-Duran received the NOH within two weeks of her admitted entry without inspection in October 2015. *See Yanez-Pena v. Barr*, 952 F.3d 239, 241 (5th Cir. 2020), *petition for cert. filed* (U.S. Apr. 6, 2020) (No. 19-1208). Morales-Duran's arguments to the contrary are foreclosed. *See id.*; *see also Munoz-Granados v. Barr*, 958 F.3d 402, 408 (5th Cir. 2020) (reasoning that *Yanez-Pena* foreclosed a claim that the BIA erred by deciding that an NTA was perfected by a subsequent NOH that triggered the stop-time rule).

Accordingly, Morales-Duran's petition for review is DENIED.